IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENETH CASAS-AMADOR (BOP Register No. 49869-177), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2478-G-BN |
| FCI SEAGOVILLE, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action filed by Plaintiff Beneth Casas-Amador, a federal prisoner, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Defendants Federal Correctional Center-Seagoville and Federal Correctional Institution Fort Worth moved for summary judgment under Federal Rule of Civil Procedure 56 on the basis that Plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") and, alternatively, moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. Nos. 20, 21, & 22. Plaintiff failed to file a court-ordered response. *See* Dkt. No. 24. And no reply brief was filed.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should grant

Defendants' motion to the extent it seeks dismissal for lack of subject matter jurisdiction and dismiss this action without prejudice.

## Applicable Background

At the time this action was filed (and now), Plaintiff was incarcerated at a federal prison in Butner, North Carolina, after being convicted in this Court of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). *See United States v. Casas-Amador*, No. 3:15-cr-336-N (01) (N.D. Tex. 2016), *appeal dismissed*, 676 F. App'x 332 (5th Cir. 2017) (per curiam). While this action was filed in the Eastern District of North Carolina on January 1, 2017, *see* Dkt. No. 1, because Plaintiff's claims concern events that occurred at federal prisons in this district, that court transferred it here on September 15, 2017, *see* Dkt. Nos. 6, 7, & 8. Briefly, Plaintiff, citing 42 U.S.C. § 1983 and seeking injunctive relief, alleges that Defendants violated his civil rights because he was "refused ... adequate medical care" at FCI Seagoville and FCI Fort Worth from late 2015 into 2016. Dkt. No. 1.

## Legal Standards and Analysis

Under the PLRA, "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (quoting 42 U.S.C. § 1997e(a)). "This requirement applies to" actions under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Butts v.*

*Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). And courts interpret the term "with respect to prison conditions" broadly: "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

But "exhaustion under the PLRA is not a pleading requirement that plaintiffs must satisfy at the outset of litigation." *Dillon v. Rogers*, 596 F.3d 260, 272, 272 n.3 (5th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *Johnson v. Johnson*, 385 F.3d 503, 516 n.7 (5th Cir. 2004)). And a court "can only dismiss for failure to state a claim based on a failure to exhaust when the face of the complaint makes clear that the plaintiff did not exhaust." *LaBeouf v. Manning*, 575 F. App'x 374, 378-79 (5th Cir. 2014) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); footnote omitted). Therefore, in almost every instance, "exhaustion under the PLRA is properly treated as an affirmative defense and analyzed as a motion for summary judgment," *Miller v. Fed. Bureau of Prisons*, 703 F. Supp. 2d 8, 15 (D.D.C. 2010) (citing *Jones*, 549 U.S. at 216); *accord LaBeouf*, 575 F. App'x at 379; *Burns v. East Baton Rouge Parish Prison Emergency Med. Servs.*, Civ. A. No. 14-0245-JWD-EWD, 2016 WL 1122242, at *2 (M.D. La. Mar. 4, 2016).

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the

-3-

PLRA to properly exhaust." *Jones*, 549 U.S. at 218 (internal quotation marks and citations omitted); *see Moussazadeh v. Tex. Dep't of Crim. Justice*, 703 F.3d 781, 788 (5th Cir. 2012) ("In determining exhaustion under the PLRA, we look to the processes established by the prison and the parties' use of these processes."); *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." (citations omitted)); *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (per curiam) ("It is the prison's requirements, not the [PLRA], that define the requirements of exhaustion"); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the [PLRA] prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems" (footnote omitted)).

"[M]ere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, [the Fifth Circuit has] required prisoners to exhaust available remedies properly." *Dillon*, 596 F.3d at 268.

Thus, "[i]nmates need not exhaust all administrative remedies" – "only those that are 'available' to them," and, "[w]henever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him." *Davis*, 798 F.3d at 294-95 (citations omitted); *see Cowart v. Ervin*, 837 F.3d 444, 451 (5th Cir. 2016) ("The PLRA requires prisoners to exhaust such administrative remedies as are available prior to filing a § 1983 action regarding prison conditions." (citations and internal quotation marks

omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) ("[I]nterference with an inmate's pursuit of relief" – such as, "through machination, misrepresentation, or intimidation" – "renders the administrative process unavailable." (collecting cases, including *Davis*, 798 F.3d at 295 ("Grievance procedures are unavailable ... if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process" (emphasis deleted in *Ross*)))).

Had Plaintiff sued employees of Defendants for alleged civil rights violations under *Bivens*, those employee-defendants may be entitled to summary judgment based on Plaintiff's failure to exhaust available administrative remedies under the PLRA prior to filing this action. *See* Dkt. No. 22 at 4-22 (sworn declaration establishing that Plaintiff had not filed an administrative remedy with the BOP prior to filing this action, and, instead, only began pursuing administrative remedies in October 2017); *see, e.g.,Green v. Dep't of Corrs.*, 393 F. App'x 20, 24 (3d Cir. 2010) (per curiam) ("It is well-settled that exhaustion must occur prior to filing the action in federal court." (citing *Booth v. Churner*, 532 U.S. 731, 738-39 (2001); citation omitted)).

But Plaintiff has instead sued two federal prisons that are part of the Federal Bureau of Prisons, an agency of the United States, which enjoys the same sovereign immunity as the United States. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also

protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))); *see also Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) ("A *Bivens* action does not lie against federal agencies or the United States, which possess sovereign immunity; such actions may be brought only against named federal officers or agents in their personal capacity." (citing *Meyer*, 510 U.S. at 483-86)).

An action may be brought "against the United States [under the Federal Torts Claims Act ("FTCA")] for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)); *see also id.* at 340 (noting that such an action "may be brought against only the United States, and not the agencies or employees of the United States" (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988))). But, "[s]ince a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed." *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)), *rec. adopted*, 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010).

These provisions include *proper* exhaustion of administrative remedies, which begins by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see, e.g., McGraw v. Mejia*, No. 3:13-cv-740-L, 2015 WL 569002, at *5 (N.D. Tex. Feb. 11, 2015) ("Because the Amended Complaint only mentions Plaintiffs'

attempts to exhaust the BOP's grievance procedure, which the Fifth Circuit has recognized as a separate and distinct procedure from that required by the FTCA, Plaintiffs have failed to satisfy the notice requirement under the FTCA. Accordingly, the court lacks jurisdiction over Plaintiffs' claims [under that statute]." (collecting cases, including *Lopez-Heredia v. Univ. of Tex. Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) (per curiam) ("The BOP's FTCA claims procedure is separate from the BOP's administrative remedies procedure, *see* 28 C.F.R. §§ 543.30-543.32."); *Ahern v. United States*, No. 4:14-cv-191-A, 2014 WL 1614154, at *3 (N.D. Tex. Apr. 22, 2014) ("The papers attached to the complaint appear to support a conclusion that plaintiff has exhausted, or attempted to exhaust, his administrative remedies through the Bureau of Prisons, but not those required for filing a claim under the FTCA. Filing a claim through the Bureau of Prisons's grievance procedures is not equivalent to initiating the administrative process necessary for filing an FTCA claim." (citing *Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (per curiam))))); *see also Barber v. United States*, 642 F. App'x 411, 415 n.3 (5th Cir. 2016) (per curiam) (concluding that the holding in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), "that the FTCA's statute of limitations was 'non-jurisdictional and subject to equitable tolling' ... "has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement" (quoting *Wong*, 135 S. Ct. at 1638)).

Therefore, because Plaintiff has not carried his burden to show that the United States has waived its sovereign immunity as to his claims against Defendants, this

-7-

Court lacks jurisdiction over those claims and they should be dismissed without prejudice under Rule 12(b)(1). *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *accord Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) (per curiam) (noting that "dismissal for want of jurisdiction bars access to federal courts," "is *res judicata* only of the lack of a federal court's power to act," and "is otherwise without prejudice to the plaintiff's claims," which means that "the rejected suitor may reassert his claim in any competent court" (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985))); *cf. In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) ("Waivers of sovereign immunity should be narrowly construed in favor of the United States." (citing *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006))).

## Recommendation

The Court should grant Defendants' alternative motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) [Dkt. No. 20] and dismiss this action without prejudice for want of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE